(jet)

HOWARD TRAPP
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
howardtrappinc@hotmail.com
Telephone (671) 477-7000

Petitioner



## DISTRICT COURT OF GUAM

------------

| | |
|---|---|
| HOWARD TRAPP, ( <br> ) <br> Petitioner, ( <br> ) <br> vs. ( <br> ) <br> ELECTION COMMISSION, ( <br> JOSEPH F. MESA, ALICE M. ( <br> TAIJERON, DOT H. CHARGUALAF, ) <br> G. PATRICK CIVILLE, JOSEPH P. ( <br> MAFNAS, MARTHA C. RUTH, and ) <br> JOHNNY P. TAITANO, ( <br> ) <br> Respondents. ( | Civil Action No. 14-00015 <br><br> REPLY TO RESPONSE |

------------

### PETITIONER HAS STANDING

First, petitioner is and ever since the enactment of Guam Public Law No. 32-134 has been suffering an injury in fact—the invasion of a legally protected interest which is concrete and particularized and actual and imminent and neither conjectural nor hypothetical. The Legislature of Guam is composed of members elected as the laws of Guam may direct. (48 U.S.C. § 1423(b).) Petitioner is permitted to vote for the candidates to be elected. (*Id.*) The legislative power of

**ORIGINAL**

Guam extends to legislation not inconsistent[1] with, for example, section 1423b of Title 48 of the United States Code. (48 U.S.C. § 1423a.) Section 1423b of Title 48 of the United States Code provides that no bill drafted by the legislature shall become a law unless it shall have been passed at a meeting of the legislature, at which a quorum was present, by the affirmative vote of a majority of the members present and voting, which vote shall be by yeas and nays. Accordingly, that no bill drafted by the legislature shall become a law unless it shall have been passed at a meeting of the legislature, at which a quorum was present, by the affirmative vote of a majority of the members present and voting, which vote shall be by yeas and nays, is the absolute and unqualified right of every elector. That the denial of the absolute and unqualified right is an invasion of the interest protected by section 1423b of Title 48 of the United States Code is indisputable. That the denial of the absolute and unqualified right is concrete is indisputable. That the denial of the absolute and unqualified right is particularized is clearly demonstrated by the fact that petitioner was and ever since has been an elector who voted at the last general election for candidates to be elected to the very legislature which thereafter drafted the Joaquin (KC) Concepcion II Compassionate Cannabis Use Act of 2013; that petitioner did so with the guarantee of section 1423b of Title 48 of the United States Code that no bill drafted by the

---

[1] The word is "inconsistent." (48 U.S.C. § 1423a.) "Inorganic" is wrong. Something is inorganic "when it is composed of matter that is not animal or vegetable." (*Webster's New World College Dictionary* 737 (4th ed. 2004).)

legislature would become a law unless it was passed at a meeting of the legislature, at which a quorum was present, by the affirmative vote of all of the many members present and voting, which vote would be by yeas and nays; and that petitioner intends to and will in fact vote at the 2014 General Election. That the denial of the absolute and unqualified right is actual and imminent is demonstrated by Guam Public Law No. 32-134 itself:

> Section 2.  The Guam Election Commission . . . . *shall* put to the voters the question described in Section 4 of this Act.  The question *shall* be submitted during the 2014 General Election.
>
> . . . .
>
> Section 4.  The question put to voters shall be:
>
> **"Shall the 'Joaquin (KC) Concepcion II Compassionate Cannabis Use Act of 2013' that provides for the medical use of cannabis be allowed?**
>
> **( ) Yes**
> **( ) No**
>
> **Vote for only 'Yes' or 'No'."**

Second, that there is a causal connection between the injury and the conduct complained of is indisputable.

Third, that the injury will necessarily be redressed by a favorable decision is indisputable.

3

(REPLY TO RESPONSE)
Civil Action No. 14-00015

## THIS ACTION ARISES UNDER FEDERAL LAW

Petitioner wonders why there is any question of whether this action arises under federal law. It clearly does:

> Agana Bay Development Company, a petitioner in this action, was the defendant in a prior suit commenced in the superior court, concerning the validity of certain liens asserted by plaintiff Dillingham Corporation of the Pacific. Partial summary judgment was granted for the defendant Agana Bay, and Dillingham appealed to the Supreme Court of Guam. Agana Bay then filed this action in the District Court of Guam, seeking a Writ of Prohibition directing the supreme court to cease all appellate proceedings in the mechanics lien case. In the district court proceedings the respondent supreme court was represented by the Attorney General of Guam.
>
> The district court issued a peremptory Writ of Prohibition pursuant to 28 U.S.C. s 1651, permanently restraining the Supreme Court of Guam from proceeding further on the appeal of the mechanics lien case. The court also held invalid those portions of the Court Reorganization Act which divested the district court of its appellate jurisdiction and which created the Supreme Court of Guam.

(*Agana Bay Dev. Co. (Hong Kong) Ltd. v. Sup. Ct. of Guam*, 529 F.2d 952, 953-54 (9th Cir. 1976), *overruled on other grounds by Guam v. Olsen*, 540 F.2d 1011 (9th Cir. 1976)(en banc), *aff'd, Guam v. Olsen*, 431 U.S. 195 (1997).) And respondents themselves agree that "if the Court determines Petitioner has standing and that a request for a writ of prohibition is the appropriate method to seek self relief, the Petition arguably does raise a federal question requiring a resolution of the legislative

4

authority of the Guam Legislature as provided by Congress in the Organic Act of Guam, 48 U.S.C. § 1421 *et seq.*" (Response to Petition 6.)

## CONCLUSION

Respondent Election Commission does not disagree with the proposition that no bill drafted by the legislature shall become a law unless it shall have been passed at a meeting of the legislature, at which a quorum was present, by the affirmative vote of a majority of the members present and voting, which vote shall be by yeas and nays, is the absolute and unqualified right of every elector. "As to the merits of the issues raised in the Petition for Writ of Prohibition, Respondent GEC takes no position and leaves it to this Court to determine whether Guam Public Law 32-134 is in violation of the Organic Act of Guam." (Response to Petition 6.) "If the Court determines Petitioner does have standing then the GEC's position is that the issues raised in the writ are for the Court's determination and the GEC takes no position on the merits of the arguments made in the Petition for Writ of Prohibition." (*Id.* at 7.) A peremptory writ of prohibition should be issued prohibiting and restraining respondents from putting to the voters the question "Shall the 'Joaquin (KC) Concepcion II Compassionate Cannabis Use Act of 2013' that provides for the medical use of cannabis be allowed?" or in the alternative prohibiting and restraining respondents from tabulating any votes on the question "Shall the 'Joaquin (KC) Concepcion II Compassionate Cannabis Use Act of 2013' that provides for the

(REPLY TO RESPONSE)
Civil Action No. 14-00015

medical use of cannabis be allowed?" treating it as if it did not appear on the ballot, as recommended by respondent Election Commission. (*Id.*)

Dated at Hagåtña, Guam, this 14th day of October, 2014.

_____
HOWARD TRAPP
Petitioner

6

## VERIFICATION

I, Howard Trapp, declare that I am the petitioner in the above-entitled action; that I have read the foregoing Reply to Response and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated on my information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2014, at Hagåtña, Guam.

_____
HOWARD TRAPP