DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| HOWARD TRAPP, | CIVIL CASE NO. 14-00015 |
| Petitioner, | |
| vs. | **ORDER** |
| ELECTION COMMISSION, JOSEPH F. MESA, ALICE M. TAIJERON, DOT H. CHARGUALAF, G. PATRICK CIVILLE, JOSEPH P. MAFNAS, MARTHA C. RUTH, and JOHNNY P. TAITANO, | |
| Respondents. | |

Before the court is the Petition for Writ of Prohibition ("Petition"). ECF No. 1. After reviewing the parties' submissions and relevant caselaw and authority, the court hereby **DISMISSES** the Petition for the reasons stated herein.

**A. BACKGROUND**

On February 1, 2014, Bill No. 215-32 was passed by the Guam Legislature. The bill would provide for a binding referendum during the 2014 general election to determine whether amendments to the Guam Code Annotated, permitting the medical use of cannabis, shall be allowed. The proposed amendments are collectively known as the "Joaquin (KC) Concepcion II

Compassionate Cannabis Use Act of 2013" ("CCUA"). The bill lapsed into law as Public Law No. 32-134 on February 16, 2014.

On May 14, 2014, the Legislature requested a declaratory judgment from the Supreme Court of Guam regarding the validity of Public Law No. 32-134. Order at 1, *In re: Request of I Mina'Trentai Dos Na Liheslaturan Guahan Relative to the Power of the Legislature to Prescribe by Statute the Conditions and Procedures Pursuant to Which the Right of Referendum of the People of Guam Shall be Exercised*, No. CRQ14-002 (Guam Aug. 5, 2014) [hereinafter "Order"]. The position of Respondents in the Supreme Court of Guam action was that Public Law No. 32-134 violates the Organic Act of Guam and the Guam Code Annotated, and thus, they refused to put the CCUA question on the ballot. *Id*. The Supreme Court of Guam granted Petitioner leave to file an amicus brief in the case, but did not allow him to participate in oral argument. *Id*. at 3.

On August 5, 2014, the Supreme Court of Guam issued an order with its disposition, finding that the legislative submission process established by title 3, chapter 16 of the Guam Code Annotated is properly considered a "referendum" as understood in 48 U.S.C. § 1422a(a) and does not conflict with the Organic Act. Order at 4. The court further found that Public Law No. 32-134 complies with the requirements of title 3, chapter 16 of the Guam Code Annotated. *Id*. The court held that Public Law No. 32-134 is valid and in compliance with the Organic Act and Guam law.

On September 26, 2014, Petitioner filed the instant Petition, wherein he "prays for the issuance of a writ of prohibition,[1] prohibiting and restraining respondents from putting to the

---

[1] Respondents argue that "a writ of prohibition is not the proper action for the relief sought by the Petitioner." Resp. at 2, ECF No. 4. "Prohibition is a kind of common-law injunction to prevent an unlawful assumption of jurisdiction….It arrests the proceedings of any tribunal, board, or person exercising judicial functions in a manner or by means not within its jurisdiction or discretion." BLACK'S LAW DICTIONARY 1331 (9th ed. 2009) (quoting BENJAMIN J. SHIPMAN, HANDBOOK OF COMMON-LAW PLEADING § 341, at 542 (Henry Winthrop Ballantine ed., 3d ed. 1923)). "The traditional use of such writs both at common law and in the federal courts has been, in appropriate

- 2 -

voters the question 'Shall the "Joaquin (KC) Concepcion II Compassionate Cannabis Use Act of 2013 [sic]" that provides for the medical use of cannabis be allowed?'" Pet. at 5–6, ECF No. 1.

**B. JURISDICTION AND STANDING**

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. art. III , § 2, cl. 1. Although the District Court of Guam is not an Article III court, the Organic Act of Guam confers upon the court the same jurisdiction afforded to Article III courts. 48 U.S.C. § 1424(b) ("The District Court of Guam shall have the jurisdiction of a district court of the United States…"). "The constitutional requirements for standing under Article III are jurisdictional, cannot be waived by any party, and may be considered sua sponte." *Sturgeon v. Masica*, --- F.3d ----, 2014 WL 4977583 (9th Cir. 2014) (citing *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009)).

The Supreme Court has "deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The requirements are that "[t]he plaintiff must have suffered or be immediately threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Id.*

The Supreme Court has consistently refused to entertain generalized grievances, "no matter how sincere." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013). "A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no

---

cases, to confine inferior courts to the exercise of their prescribed jurisdiction or to compel them to exercise their authority when it is their duty to do so." *U.S. Alkali Export Ass'n v. United States*, 325 U.S. 196, 202 (1945). As the court finds that it does not have jurisdiction over this matter due to lack of standing, whether a writ of prohibition is the proper form of relief is immaterial.

- 3 -

more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Id.* (quoting *Defenders of Wildlife*, 504 U.S. at 573–74). For example, in *Hollingsworth*, the official proponents of Proposition 8, an initiative which was passed by voters and amended the California Constitution to prohibit recognition of same-sex marriage, appealed a decision holding Proposition 8 unconstitutional. The Supreme Court held that the initiative proponents lacked standing because they had "no 'personal stake' in defending [the law's] enforcement that is distinguishable from the general interest of every citizen of California." *Id.* at 2663 (quoting *Defenders of Wildlife*, 504 U.S. at 560–61). Similarly, in *Lance v. Coffman*, the Supreme Court dismissed, for lack of standing, a claim by four Colorado voters that Article V, § 44, of the Colorado Constitution violated their rights under the Elections Clause of the U.S. Constitution because "plaintiffs assert[ed] no particularized stake in the litigation." 549 U.S. 437, 441–42 (2007) (per curiam). *See id.* at 439–41 (discussing numerous cases which comprise the "lengthy pedigree" of the Court's "refusal to serve as a forum for generalized grievances").

Here, Petitioner alleges that the "subject of Guam Public Law No. 32-134 could not be more inconsistent with the provisions of 48 U.S.C. ch. 8A ("GUAM") and the laws of the United States applicable to Guam." Pet. ¶ 9. Petitioner is a Guam voter and the injury he alleges is that the law has not been followed, which "is precisely the kind of undifferentiated, generalized grievance about the conduct of government that [federal courts] have refused to countenance in the past…" *Lance*, 549 U.S. at 442. "No matter how deeply committed [P]etitioner[] may be…or how zealous [his] advocacy, that is not a particularized interest sufficient to create a case or controversy under Article III." *Hollingsworth*, 133 S. Ct. at 2663 (internal quotation marks and citations omitted). Thus, the court finds that Petitioner lacks standing to bring this claim.

- 4 -

Case 1:14-cv-00015 Document 6 Filed 10/20/14 Page 4 of 5

**C. CONCLUSION**

Based on the foregoing, as Petitioner has not demonstrated any concrete and particularized injury in fact that is distinguishable from the general interest of every citizen of Guam, the court holds that Petitioner lacks standing and therefore **DISMISSES** the Petition.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Oct 20, 2014**